UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELROY PEDRO GOMEZ,<br>Petitioner,<br>v.<br>WILLIAM "JOE" SULLIVAN,<br>Respondent. | Case No. 19-cv-06129-SI<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 14 |

Petitioner has filed a request for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. Petitioner adequately pled his claim for relief in a habeas petition that included a photocopy of his state court habeas petition that apparently had been prepared by the attorney who is helping him in this case and now wants to be appointed to represent him. The briefing is finished in this case. The deadline for petitioner to file a traverse was May 29, 2020, more than four months ago, and the Court is unwilling to reopen the time for petitioner to file a traverse because petitioner does not show good cause for missing the deadline to file a traverse or diligence in seeking to file a late traverse. Petitioner has a high school degree. *See* Dkt. No. 12 at 277 (CT 271). Regardless of whether petitioner was somehow unable to understand the situation when he received respondent's request for an extension of the deadline, it is inexplicable that the attorney to whom he forwarded

that request did not understand the purpose of a request for an extension of a deadline and did not bother to clarify the situation for the petitioner.  Also, if there was any doubt as to the traverse deadline, that would have been resolved when the Court issued an order on March 3, 2020, extending the traverse deadline to May 29, 2020.  That order presumably made it to petitioner, as it was not returned to the Court undelivered.  Petitioner does not show diligence or good cause for his failure to comply with the March 3, 2020 order that extended his deadline to file a traverse.  Because a traverse is an optional filing (much like a reply in support of a motion) and the Court will not reopen the time to file a traverse, and because an evidentiary hearing will not be held in this action, appointment of counsel at this late date will not aid in the resolution of the case.  Petitioner's request for appointment of counsel is DENIED.  Dkt. No. 14.

**IT IS SO ORDERED**.

Dated: October 20, 2020

_____
SUSAN ILLSTON
United States District Judge